## Case No. 14,550.

### UNITED STATES v. BEAN.

[22 Int. Rev. Rec. 43.]

District Court, D. Maine. 1876.

ARREST—CIVIL PROCESS—MAIL CARRIER.

Held, that a driver and carrier of the United States mail is exempt from arrest on civil process while engaged in the service, and this exemption extends to such driver or carrier while he is waiting for the mail.

This was a proceeding before Commissioner Hamlin against Gustavus L. Bean for delaying by arrest for debt one John G. Withee, a mail carrier, who had come to the post office for the mail for Belfast November 15. The testimony was closed on

[1] [Reported by Hon. William Cranch, Chief Judge.]

the 25th of November, and the commissioner rendered his opinion. The case was based upon the act of congress (Rev. St. c. 9, § 3995) which provides that any person who shall knowingly and wilfully obstruct or retard the passage of the mail, or any carriage, horse, driver or carrier carrying the same shall, for every such offence be punishable by a fine of not more than one hundred dollars.

HAMLIN, Commissioner. Upon these facts the question arises, was the arrest of the complainant by the defendant, taking into consideration the time when, and the place where, under these circumstances, such an obstruction or retarding of the driver and carrier as is within the intent of the statute? The defendant pleads that he is an officer of the law, a deputy of the sheriff, and in the legal exercise of his duty as such, having executions issued by courts of competent jurisdiction, requiring him to arrest the body of the complainant, and that the complainant was and had been under arrest all the time from November 8th down to the morning of the 15th, when he resumed the custody or re-arrested him. It does not appear necessary to determine whether the arrest made on the 8th of November and continued to the 11th remained an arrest after Thursday or not, or whether it having ceased at that time, the defendant could take the execution debtor as an escape, because it is not perceived how the officer on fresh pursuit could have any higher rights in the case than at the time the arrest was first made, if it were similar to that made November 15th, and was unlawful. Was the last arrest then lawful? It was held in U. S. v. Harvey [Case No. 15,320], by Taney, C. J., that a warrant in a civil suit against a mail carrier was no justification to the ministerial officer executing it, although he may have acted without knowledge of the law of congress, and did not detain the carrier longer than was necessary for the execution of the warrant. In this case the retention was but a short time, and the carrier got to the next office (Bel-Air) at his usual hour. The supreme court of the United States recognized and affirmed the principles of this decision in U. S. v. Kirby, 7 Wall. [74 U. S.] 482, and say: "All persons in the public service are exempt as a matter of public policy, from arrest upon civil process while thus engaged," and where the acts which create the obstruction are in themselves unlawful, the intention to obstruct will be imputed to their author, although the attainment of other ends may have been his primary object. The justification of the defendant therefore in this respect fails, if the complainant at the time of the arrest was engaged in the public service. Was he so engaged? It already appears that Withee was a sworn driver and carrier of the mail, and that in

performance of his duty went to the post-office to get the mail, which was about ready, and at the time of day when his duties as a driver and carrier had begun. It should not be overlooked that the defendant was within the post-office room in violation of the rules of the postmaster-general (sections 30 and 31, Postal Laws and Regulations), and therefore the place of arrest was as much within the prohibition of public policy as the arrest of the person of the complainant himself when in the performance of his duties; and the fact therefore that the driver had not at the time of the arrest actual possession of the mail, the delivery of which the defendant had forbidden, cannot avail the respondent.

The exemption from arrest of persons engaged in the public service as was the complainant Withee, does not depend upon the manual possession of the mail, but upon principles of public policy, which would be quite futile were the operations of the general government subject to be interrupted by the enforcement of merely private rights as in this case. Finally, it was urged that the defendant did not know that the complainant was a driver or carrier of the mail when he arrested him November 15th. Something was said at the hearing which seemed to show the defendant had learned that Withee, some time about July 15th had abandoned his contract, and defendant believed that complainant had not had time or opportunity to be sworn as a driver after reaching Bangor late Saturday night, November 13th, and before he came to the post-office on the morning of the 15th. Sufficient appears to show the driver was sworn, and no provision of the statute or regulation of the postoffice department was pointed out requiring the driver to be sworn again when he resumed the driving of the mail November 9th; nor does it appear to be material whether the complainant was the contractor or not, so long as he was acting as the driver or carrier. No claim is made that Withee was exempt from arrest on civil process because of his being a contractor, but the exemption is put on the ground that he is and was a driver and carrier within the terms of the statute. Still less can the defendant set up his want of knowledge that the complainant was engaged in the public service as a driver or carrier of the mail. It is impossible to reconcile the acts of the defendant in going into the post-office at so early an hour in the day, directing the clerk not to deliver the mail to Withee, and finally going with him to arrange for another driver to take the team upon any other theory except that the defendant well knew the complainant was acting in the capacity of a driver, and it must be held that he run his own risk in delaying the mail, if acting with such belief, it afterwards turned out that he was mistaken.

Defendant ordered to recognize.